UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 07-2075

E.I. DUPONT DE NEMOURS & COMPANY,

Plaintiff - Appellant,

v.

AMPTHILL RAYON WORKERS, INCORPORATED,

Defendant – Appellee.

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Henry E. Hudson, District
Judge.  (3:07-cv-00052-HEH)

Argued: May 14, 2008               Decided: August 25, 2008

Before TRAXLER, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished opinion.  Judge Gregory wrote the
opinion, in which Judge Traxler and Judge Shedd joined.

**ARGUED:**  Thomas Peter Gies, CROWELL & MORING, LLP, Washington,
D.C., for Appellant.  Jonathan Gans Axelrod, BEINS & AXELROD,
PC, Washington, D.C., for Appellee.  **ON BRIEF:** Kris D. Meade,
Glenn D. Grant, CROWELL & MORING, LLP, Washington, D.C.; James
P. McElligott, Jr., Regina J. Elbert, MCGUIREWOODS, LLP,
Richmond, Virginia, for Appellant.

Unpublished opinions are not binding precedent in this circuit.

GREGORY, Circuit Judge:

E.I. DuPont de Nemours & Co., ("DuPont") appeals the district court's decision denying its motion for summary judgment and partially granting Ampthill Rayon Workers Incorporated's ("ARWI") cross motion for summary judgment. We affirm.

I.

We adopt the facts as set out by the district court, see E.I. DuPont de Nemours and Co. v. Ampthill Rayon Workers, Inc., 516 F.Supp.2d 588 (E.D.Va. 2007), and summarize only the facts relevant to the parties' dispute.

DuPont offers its employees throughout the country, union and non-unionized, a number of benefit plans ("plans"), all of which are governed by ERISA, 29 U.S.C. § 1001 et seq., with the exception of the Vacation Plan.[1] In August 2006, DuPont sent out a memorandum to all of its employees informing them about amendments to the plans. Some of the amendments decreased the benefits available to the employees under the plans.

ARWI represents about 1000 DuPont employees who work at DuPont's Spruance Fibers Plant in Ampthill, Virginia. These employees come from the Production and Maintenance Unit and the Clerical, Technical, and Office Unit. While employees in each

_____

[1]The Vacation Plan is not relevant to this case.

2

unit signed separate Collective Bargaining Agreements ("CBAs") with DuPont, for purposes of this dispute, the relevant provisions from each CBA are the same.

As a result of DuPont's 2006 amendments ("amendments") to the plans, ARWI, following the procedures outlined in the CBAs, initiated a grievance against DuPont alleging that the amendments violated the CBAs.[2] While DuPont initially agreed to arbitrate the dispute, it subsequently reversed course and filed a Complaint in federal district court. Shortly thereafter, DuPont submitted an Amended Complaint seeking a declaratory judgment stating, <u>inter alia</u>, that ARWI should resolve its grievance by utilizing each plan's internal claim procedure or in the alternative, by filing a civil suit in federal court under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).[3] In addition, DuPont sought injunctive relief barring ARWI from

---

[2]For example, ARWI claims DuPont violated Article VII, Section 1 of the CBAs which provides that "any changes in the [benefit plans], which had the effect of reducing or terminating benefits will not be made effective until one year (1) after notice to the Union by the Company of such changes." (J.A. 332.)

[3]Persons empowered to bring a civil action

A civil action may be brought--

(1) by a participant or beneficiary--

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

resolving its grievance in arbitration. ARWI filed a Counterclaim alleging that the amendments violated the CBAs and seeking a ruling requiring DuPont to litigate ARWI's grievance in arbitration.

The parties then filed cross motions for summary judgment. DuPont argued, inter alia, that since the amendments implicated the terms, conditions, eligibility and interpretation of the plans, ARWI's grievance should be resolved according to each plan's internal dispute mechanism. ARWI submitted that Article XI, Section One of the CBAs ("the arbitration clause") mandates that the grievance proceed to arbitration. The arbitration clause states, in pertinent part, that "[a]ny question as to the interpretation of this Agreement, or as to any alleged violation of the terms of this Agreement, which is not otherwise settled to the mutual satisfaction of the parties hereto, shall at the request of either party be submitted to arbitration." (J.A. 344, 380.)

The district court held that the parties' dispute was arbitrable on account of the arbitration clause's wide breadth, the lack of any explicit language in the CBAs excluding ARWI's grievance from arbitration, and the absence of "forceful

evidence" that the parties wished to exclude the disputes from arbitration. DuPont appeals the district court's judgment.[4]

A.

The question posed here is whether ARWI's grievance, alleging that the amendments to its employees' plans breached the parties' CBAs, is arbitrable. We review a district court's grant of summary judgment de novo, viewing all of the facts in the light most favorable to the non-movant. See, e.g., EEOC v. Navy Fed. Credit Union, 424 F.3d 397, 405 (4th Cir.2005).

Through a series of three cases, known as the "Steelworker's Trilogy," the Supreme Court set out several principles to aid lower courts in determining whether an employer-union dispute is subject to arbitration. See Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960), Steelworkers v. American Mfg. Co., 363 U.S. 564 (1960), and Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960).

---

[4]Shortly after the district court's decision, three other district courts decided the same issue. Relying on reasoning similar to that of the district court in this case, the three district courts held that the unions' claims were subject to arbitration. See United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Local Union 943 v. E.I. DuPont de Nemours & Co., Case No. 1:07-cv-1005-00965-RBK-JS (D.N.J. February 29, 2008); United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Local 4-5025 v. E.I. DuPont de Nemours & Co., Case No. 07-cv-122s (W.D.N.Y. March 18, 2008); United Steel, Paper and Forestry, Rubber, Mfg., Energy, Allied Indus. and Serv. Workers Local 4-5025 v. E.I. DuPont de Nemours & Co., Case No. 07-cv-126-JJF (D. Del. April 18, 2008).

The Supreme Court first emphasized that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." Warrior & Gulf Navigation Co., 363 U.S. at 582. "The second rule, which follows inexorably from the first, is that the question of arbitrability-whether a collective-bargaining agreement creates a duty for the parties to arbitrate the particular grievance-is undeniably an issue for judicial determination." AT & T Tech., Inc. v. Commc'ns Workers of Am., 475 U.S. 643, 649 (1986).

Third, in reviewing whether the parties claims are arbitrable, "a court is not to rule on the potential merits of the underlying claims." Id. at 649. This mandate applies "even if [the union's grievance] appears to the court to be frivolous," id. at 649-50, as the court must limit its inquiry to whether the union's claims are arbitrable. Finally, "there is a presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute. Doubts should be resolved in favor of coverage." Id. at 650 (emphasis added). This "presumption is particularly applicable," id., where the arbitration clause is "broad." Id. Consequently, "'absen[t] [] any express provision

6

excluding a particular grievance from arbitration . . . only the most forceful evidence of a purpose to exclude the claim from arbitration'" will suffice.  Id. (quoting Warrior & Gulf, 363 U.S. at 584-85) (emphasis added).

## B.

DuPont contends that the district court erred in three respects: (1) the district court failed to grasp that since ARWI's breach of contract grievance is inextricably linked with benefit eligibility determinations, it should be resolved under each plan's dispute resolution procedure; (2) the district court did not take into account dispositive language from Article VII of the CBAs limiting what disputes are subject to arbitration; and (3) the district court "failed to apply governing ERISA principles applicable to the resolution of employee benefit eligibility issues and other plan interpretation issues implicated by the grievance." (Appellant's Br. 13.)

The cornerstone of DuPont's argument is that the amendments concern the eligibility of claimants to receive benefits under the plans, and as such, they do not implicate the CBAs. Specifically, DuPont contends that in resolving the parties' dispute, an arbitrator would be forced to determine whether individuals affected by the amendments are eligible for benefits, a decision tasked solely to the plan administrator. Such an action would also be inconsistent with the CBAs, and

7

specifically, Article VII, Sections 1 and 3, which states in relevant part:

> Section 1. All existing privileges heretofore enjoyed by the employees in accordance with the following Industrial Relations Plans and Practices of the COMPANY and of the Plant shall continue, **subject to the provisions of such Plans and Practices** and to such rules, regulations and interpretations as existing prior to the signing of this Agreement, and to such modifications thereof, as may be hereafter adopted generally by the Company or by the Plant to govern such privileges.

> Section 3. In addition to receiving benefits pursuant to the Plans and Practices set forth in Section 1 above, employees shall also receive benefits as provided by the COMPANY'S Beneflex Flexible Benefits Plan, **subject to all terms and conditions of said Plan** . . . .

(emphasis added). DuPont states that the "subject to" language in Article VII was included in the CBAs in order "to ensure that [DuPont] retain[ed] the flexibility to amend these plans without having to negotiate over subsequent plan amendments at particular unionized facilities." (Appellant's Br. 7.) By filing a grievance, DuPont argues that ARWI is attempting an "end round" the plans' dispute resolution procedures and Section 502(a)(1)(B) of ERISA, which provide the exclusive remedies for employees seeking, enforcing, or clarifying their benefits under the terms of each plan. Since the terms of each plan grant the

8

plan administrator[5], acting as an ERISA fiduciary, the sole right and discretion to make benefit eligibility determinations, and the resolution of ARWI's grievance necessarily involves eligibility determinations, DuPont concludes that ARWI must resolve its grievance through each plan's internal dispute procedures or in the alternative, through a civil action in federal court.

ARWI surmises that since its grievance is limited to "whether DuPont exceeded the external restraints imposed by the CBA . . . when it amended the plans" (Appellee's Br. 13), the dispute clearly falls within the broad reach of the arbitration clause. In addition, parroting the district court's reasoning, ARWI states that the plans' internal dispute resolution mechanisms are designed to handle "routine benefit eligibility determinations" (Appellee's Br. 14) not for interpreting the obligations of each party under the CBAs. Finally, ARWI contends that arbitration is the only suitable forum to resolve the merits of its claim as ERISA does not provide employees with "a mechanism" to bring their grievances before a federal court.

Based on the guidance provided by the Supreme Court, there can be little doubt that ARWI's claims are arbitrable. Here, like in AT&T, the CBAs contain a broad "standard arbitration

---

[5]DuPont is the plan administrator for all plans except the Pension and Retirement Plan.

9

clause," id. at 647, that allows "**any question** as to the interpretation of the [CBA] or as to **any alleged violation** of the [CBA]" to be settled by arbitration. (emphasis added). Frankly, it is difficult to envision a broader arbitration clause. It is unfathomable that either of the parties could assume that the "subject to" language in Article VII would override the overarching arbitration clause in Article XI of the CBAs. This conclusion is even more convincing in light of the fact that the parties chose to explicitly exclude arbitration as a forum for resolving certain types of disputes. For example, the CBAs preclude an employee disputing his discharge (J.A. 334) or the denial of a promotion from proceeding to arbitration. (J.A. 336-337.) Initially, even DuPont felt ARWI's grievance was subject to arbitration, and it went so far as to agree on an arbitrator; yet, DuPont suddenly changed its mind, refusing to arbitrate and instead initiated this action in federal court.

While it is true that the result of the plans' amendments will decrease the benefits available to certain DuPont employees, ARWI's breach of contract claims are premised on the fact that such changes violate the terms of the CBAs. As a result, DuPont's argument that the amendments affect an employee's eligibility to receive benefits under the plans, while true, is inapposite to the issue of what forum should determine whether the amendments violated the CBAs.

10

Additionally, DuPont has not provided "forceful evidence," much less "the most forceful evidence," that the parties' intended to submit an employee's claims alleging violations of the CBAs to the plan administrator or to a federal court. The presumption of arbitrability is particularly strong in this case due to the wide reaching arbitration clause and the lack of any explicit language in the CBAs excluding the claims at issue here from arbitration. Whatever limited doubt exists as to the parties' intentions must be resolved in favor of arbitration. Also, sending this grievance to an arbitrator is hardly inconsistent with ERISA (despite DuPont's claims to the contrary), and quite frankly is the only option that conforms to the mandates of the Supreme Court. Because there is no doubt that the arbitration clause is susceptible to an interpretation that covers ARWI's grievance, arbitration is the proper forum to resolve this dispute.[6]

## II.

For the reasons above, we affirm the district court's decision.

AFFIRMED

---

[6]Our decision is purposely bereft of any analysis as to the merits of ARWI's claims, as even frivolous claims are subject to arbitration. AT&T, 475 U.S. at 654-55.

11